IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

BABUBHAI M. PATEL and )
SHARDA PATEL )
               Plaintiffs, )
)
v. ) No. 7:07-CV-182-KA
) ECF
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
               Defendant )

## MEMORANDUM AND ORDER

"They're back!"[1]

This is the third time that Dr. Patel's fight with the Agency has arrived at the Court's doorstep. This case is before the undersigned Magistrate Judge pursuant to the consent of the parties (Docket No. 10). This is an action under 42 USC §405(g) for judicial review of the final administrative decision of the Commissioner of Social Security with regard to the Social Security Agency's collection from the Patels of a $52,643.30 overpayment ("Overpayment") made to the Patels due to a mistake of an Agency employee in failing to apply the "means test" in recomputing the retirement insurance benefits to be paid to Dr. Patel during his retirement..

The convoluted history of Dr. Patel's confrontations with the Agency and before this Court follows.

## HISTORY

Dr. Babubhai M. Patel filed an application for Retirement Income Benefits (RIB) on November 13, 1992, and shortly thereafter began receiving monthly retirement insurance benefit payments. However, Dr. Patel believed that he should have received credit for some years of employment which were not reflected in the Agency's records and should be receiving more money monthly. Specifically, Dr. Patel claimed that the Agency should have considered certain wages between the years 1964 through 1967 as wages from employment covered under the Federal Insurance Contributions Act (FICA), and for which so called "payroll taxes" were or

---

[1] Per Carol Ann in Poltergeist II: The Other Side (1986)

1

should have been deducted. Therefore Patel argued the Agency should have computed his RIB to reflect such earnings. Patel began by pursuing a claim under the Agency's administrative procedures culminating in a February, 1996, decision by an Administrative Law Judge (ALJ), who denied a recomputation finding that Dr. Patel's wages from 1964 through 1967 were not covered as FICA employment.

Dr. Patel appealed the unfavorable decision to this Court where on August 15, 2001, the undersigned, as the presiding Magistrate Judge, reversed and remanded the manner back to the Agency to restore the wages that the Agency excluded for the period September 15, 1964, through June 30, 1967, or properly conduct a hearing to reconsider the issue.[1]

In response to the Court's order, the Agency Appeals Council remanded the matter to an ALJ in January, 2002. After eight months, the administrative hearing was conducted in August, 2002, and the Administrative Law Judge on October 19, 2002, determined that Dr. Patel's earnings from 1964 through 1965 should be restored and included in the computations of his RIB and that the Agency should recompute Dr. Patel's retirement income benefit. The ALJ's decision contained no specificity as to what wage amounts to use in the recomputation and the decision did not address a side issue of the inclusion or exclusion of Dr. Patel's wages earned during the years 1958 and 1959.

Following the ALJ's October 2002 decision, the Agency recomputed Dr. Patel's earnings for the years 1966 and 1967 but did not credit him for wages allegedly earned from 1964 through June, 1966 due to an absence of sufficient proof as to their amount and character. Accordingly, Dr. Patel was again dissatisfied with the administrative decision and sought in December, 2002 to return to this Court, raising the issues concerning the Agency's failure to include his earned wage income for the years 1958 and 1959 in the recomputation of the amount of his retirement income benefit. Finding that the issue of the 1958 and 1959 earnings had not been litigated or determined on the prior appeal, this Court responded that Dr. Patel must pursue the matter administratively before again presenting it in federal court.

Concurrently, Dr. Patel pursued his complaint at the Agency level requesting reconsideration of the Agency's decision in recomputing his earnings records. In accord with the ALJ's October, 2002 decision the Agency recomputed Dr. Patel's monthly RIB payment. In recomputing his RIB payment, an Agency employee made a mistake and failed to apply the

---

[1] See Court Document No. 41 for Patel vs. SSA, 7:97-CV-219-KA (Tr. 513-522).

Agency's "means test" to take into consideration the Patel's annual earnings prior to the date he turned age seventy. As a result of the error, the Agency employee issued a direct deposit payment to Dr. Patel in the amount of $55,099.40. That lump sum payment improperly included $52,643.30 in accrued RIB payments that (but for the means test preclusion) should have been paid to Patel for the years 1993 through 1997. The net difference between the amount actually paid to Patel ($55,044.40) and the amount actually owed ($2,398.10) resulted in the Overpayment of $52,646.30. Patel objected to the demand of the Agency to repay the Overpayment believing that the Agency had wrongfully failed to properly credit him for wages earned in 1958, 1959, 1964, 1965 and the first half of 1966.

In July, 2003, Patel filed a request for a waiver of overpayment recovery or alternatively for change in repayment rate. On October 1, 2003 the Agency issued a letter to Patel informing him that his Overpayment had been reviewed but the Agency considered the initial determination of the Overpayment amount and entitlement was correct. The Agency informed Patel that if he disagreed with the decision that he owed the Agency the Overpayment amount he could request review. Patel filed an appeal on October 6, 2003, contending that the Overpayment was not his fault. In November, 2004, the Agency issued a "New Repayment Withholding Payment Schedule" to Patel informing him that in satisfaction of the Overpayment Patel would receive no monthly RIB payment until March, 2007, when the Overpayment debt was paid in full by way of Agency offset.

Patel sought an appeal through an administrative hearing which the Agency conducted on June 16, 2006. On February 22, 2007 the presiding ALJ issued a decision finding that Dr. Patel had not satisfactorily established the additional earnings for the years 1958, 1959, 1964, 1965 and part of 1966; that the Agency had overpaid Patel $52,646.30 in connection with the benefits for the years 1963 through 1967; and while Patel was not at fault in creating the Overpayment, recovery of the amount by the Agency would not defeat the purpose of Title II nor be against equity and good conscience. From that decision, Patel filed an agency appeal. The Agency's Appeals Council declined to review the ALJ's decision and allowed the decision to became the final decision of the Commissioner for the purposes of this Court's review pursuant to 42 USC §405(g). From that denial, Patel filed this appeal before this Court.

## Scope of Review

Judicial review of a Commissioner's final decision is limited to two inquiries:

1. Whether substantial evidence supports the ALJ's decision; and

2. Whether the ALJ relied upon the proper legal standards.

*Greenspan vs. Shalah*, 38 F.3d 232, 236 (5th Cir. 1994).

If substantial evidence supports the decision, the Commissioner's findings are conclusive and this Court must confirm the Agency's decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not rewrite the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).

## FIRST ISSUE

The First Issue is whether substantial evidence in the record supports the ALJ's finding that Patel failed to sufficiently establish the existence of certain earnings for the years 1958, 1959, 1964, 1965 and part of 1966.

The record reflects that Patel did submit certain evidentiary items reflecting that he did perform and was paid for work during the years 1958, 1959, 1964, 1965 and 1966. In some instances, his employer did withhold payroll taxes. In certain instances, his employers apparently did not withhold payroll taxes. The ALJ thoroughly discussed Patel's earnings records and documentation and testimony for the years in question and determined that Patel had failed to submit sufficient evidence to warrant the Agency's change of Dr. Patel's earnings record obtained by the Agency.

The ALJ's decision recites at great length the items of Patel's proof that Patel did work and did get paid for that work but it was the disqualified character of that work and the absence of credible supporting documentation and/or testimony that convinced the ALJ that the proof was insufficient. Thus he concluded that Patel had failed in his burden.

The Court has reviewed the entirety of the extensive record and all of the documents and concludes and finds that substantial evidence in the record supports the ALJ's decision.

## SECOND ISSUE

The second issue for this Court's determination is whether the Agency should waive the Overpayment. The Agency does not contend that Patel was at fault in the Overpayment. *Defendant's Brief, Page 20*. Rather, the Agency asserts that collecting the Overpayment would not defeat the purpose of Title II, and would not be against equity or good conscience. The Act

4

provides that, whenever more than the correct amount in benefits has been paid to a recipient, the Secretary shall require the overpaid person to refund the excess amount. 42 U.S.C. 404(a); 20 C.F.R. 404.501 -404.502. To mitigate the potential harshness of this recovery rule, the Act further provides that in any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience. 42 U.S.C. § 404(b) see 20 C.F.R. § 404.506. The Agency waives recovery of an overpayment of Title II benefits only when a claimant is "without fault" in causing the overpayment, and when recovery would be against equity and good conscience. 42 USC §404(b); *Austin v. Shalala*, 994 F2d 1170, 173 (5th Cr. 1993); *Bray v. Bowen*, 854 F.2d 685, 687 (5th Cir. 1988); 20 C.F.R. §494.506 - .509. As a result, a claimant who is at "fault" in accepting an overpayment is liable for its remittance, regardless of the claimant's financial situation. *Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985); *Viehman v. Schweiker*, 669 F.2d 223, 228 (11th Cir. 1982); *Corr for Corr v. Sullivan*, 725 F. Supp. 413, 416 (N.D. Ind. 1989). The burden of proof as to the "fault" issue rests upon the claimant, even if the Agency was at fault in making the overpayment, that fact will not relieve the individual from liability. *Bray v. Bowen, supra.* at 687; *Rini v. Harris*, 615 F2d 625, 627 (5th Cir. 1980).

The ALJ's determination that due to the refusal of Patel to provide information about his current financial situation, his assets, income and expenses, and due to the amount of income he earned annually from 2002 through 2005, ranging from $125,000+ to $166,000+, he had failed to show that the Agency's recovery of the Overpayment would defeat the purpose of benefits under Title II. The ALJ's determination is supported by substantial evidence.

The ALJ further found that the recovery of the overpayment would not be "against equity and good conscience." Since Patel failed to show that he changed or made his position worse or relinquished the valuable right on reliance on receipt of the Overpayment, the ALJ concluded that Patel did not satisfy his burden of demonstrating entitlement to the waiver. The ALJ's decision is supported by substantial evidence.

Based upon the extensive record in this cause, I find that the Commissioner's decisions are supported by substantial evidence in the record and that the Commissioner has not made an error of law. Accordingly, the Commissioner's decision is to be granted deference. The Court shall affirm the Commissioner's decision with respect to Dr. Babubhai M. Patel's appeal.

Dr. Patel's wife, Sharda Patel, was named as a Co-Plaintiff in Dr. Patel's original complaint. In Plaintiff's brief (Document No. 15) submitted by Dr. Patel in response to this Court's order regarding submission of Social Security Appeal (Document No. 12, page 13), Dr. Patel reflects that a portion of Sharda Patel's claim is derivative of Dr. Patel's claim in that if he dies, her benefits will be reduced by virtue of the ALJ's decision. Additionally, however, Dr. Patel alleges that the Agency has made a demand upon Sharda Patel to repay an Overpayment made to her based upon hear husband's earnings for the year 1997. Dr. Patel alleges she applied for a waiver of the Overpayment. That issue does not appear to have been determined yet by the Administrative Law Judge or by the Agency and is not now properly before this Court. Sharda Patel's appeal from the denial of a waiver of the Overpayment demand by the Agency shall be dismissed.

IT IS SO ORDERED this 24th day of June, 2008.

_____
United States Magistrate Judge